**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26925-ALTMAN**

**ESEQUIEL MORALES RIVERON**,

*Petitioner*,

*v.*

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**, *et al.*,

*Respondents*.
_________________________________/

**ORDER**

The Petitioner, Esequiel Morales Riveron, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1], challenging the constitutionality of his detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"), *see generally id.* Riveron also filed a motion for leave to proceed *in forma pauperis* ("IFP Motion") [ECF No. 3].

"Parties instituting a civil action in district court are required to pay filing fees, and each district court, by local rule, may require advance payment of such fees." *Castro v. Director, F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) (citing 28 U.S.C. § 1914(a), (c)). The filing fee for a petition for writ of habeas corpus is $5.00. *See* 28 U.S.C. § 1914(a). Of course, if a litigant cannot afford to pay a filing fee, he or she may apply to proceed without paying—also known as proceeding IFP. *See id.* § 1915(a)(1)–(2). A § 2241 petitioner seeking to proceed IFP must file "the affidavit required by 28 U.S.C. § 1915" and "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."[1] Rule Governing § 2254 Cases 3(a)(2).

[1] "The district court may apply [the Rules Governing Section 2254 Cases] to a [section 2241] habeas corpus petition[.]" Rule 1(b), Rules Governing Section 2254 Cases (cleaned up).

Although Riveron attached the required affidavit, he has failed to provide a certified account statement showing the money he has (or doesn't have) in his inmate account. *See generally* IFP Mot. So, we **DENY** his IFP Motion as legally insufficient. And we cannot adjudicate Riveron's Petition until he's *either* paid the Clerk's filing fee of $5.00 *or* submitted a legally sufficient motion to proceed *in forma pauperis* under Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts.

We thus **ORDER AND ADJUDGE** as follows:

1. Riveron's IFP Motion [ECF No. 3] is **DENIED** as legally insufficient.

2. By **October 16, 2026**, Riveron shall either pay the Clerk's filing fee of $5.00 or, in the alternative, file a motion to proceed *in forma pauperis* ("IFP motion"). If he files an IFP motion, he must include a supporting financial affidavit *and* his account statement in accordance with Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts. The Clerk is **DIRECTED** to provide Riveron with a copy of our "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

3. If the filing fee is paid, the check or money order must bear the case number so the fee will be docketed in the correct case.

4. Riveron is cautioned that failure to comply with this Order may result in dismissal of this case without further notice.

5. The Clerk shall administratively **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on October 5, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Esequiel Morales Riveron, *pro se*
counsel of record