**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-26925-ALTMAN**

**ESEQUIEL MORALES RIVERON**,

*Petitioner*,

*v.*

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**, *et al.*,

*Respondents.*
_________________________________/

**ORDER**

On October 5, 2026, we found that Esequiel Morales Riveron—who'd filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] and a Motion to Proceed *In Forma Pauperis* ("IFP Motion") [ECF No. 3]—"failed to provide a certified account statement" for his IFP Motion. Order to Pay Filing Fee or File IFP Motion [ECF No. 4] at 2. We explained that "we [couldn't] adjudicate Riveron's Petition until" he resolved the filing-fee issue. *Ibid.* (cleaned up). So, we ordered Riveron *either* to pay the filing fee *or* to file a motion to proceed *in forma pauperis* by October 16, 2026. *See ibid.* His failure to do so on time, we warned, "may result in dismissal of this case without further notice." *Ibid.*

The October 16, 2026, deadline has come and gone, and Riveron failed to resolve the filing-fee issue. *See generally* Docket. Riveron has thus ignored this Court's orders and failed to prosecute his own case. As a result, the only appropriate sanction now is dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))).

Accordingly, we hereby **ORDER AND ADJUDGE** that this case is **DISMISSED without prejudice** for failure to prosecute and for failure to comply with court orders. *See* FED. R. CIV. P. 41(b). The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on November 6, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Esequiel Morales Riveron, *pro se*
counsel of record